UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

| | |
|---|---|
| YVONNE BARNEY | ) CASE NO. 1:06 CV 0863 |
|     Plaintiff, | ) |
| -vs- | ) |
| AVIS RENT A CAR SYSTEM, INC. and TEAMSTERS LOCAL UNION NO. 293 | ) MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE, DENYING DEFENDANTS' MOTION FOR SANCTIONS AND DECLARING MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
|     Defendants. | ) |

_____

UNITED STATES DISTRICT JUDGE LESLEY WELLS

In this "hybrid 301" suit, governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the plaintiff, Yvonne Barney ("Ms. Barney" or "Plaintiff") alleges her employer, Avis Rent a Car System, Inc. ("Avis") breached the terms of the compensation package in the collective bargaining agreement with her union, Teamsters Local Union No. 293 ("Union" and collectively "Defendants"). She also maintains the Union denied her fair representation in her dispute with Avis.

In this matter, the Court has before it Ms. Barney's motion for voluntary dismissal pursuant to Fed. Civ. P. Rule 41(a)(2) (ECF # 15), the Defendants' motions for summary judgment (ECF # 8, 9), and the Defendants' joint motion for sanctions pursuant to Fed. Civ. P. Rule 11, Rule 41(a)(2) and 28 U.S.C. § 1927. (ECF # 16). The issues have been fully briefed and are now ripe for consideration.

For the reasons discussed below, this Court will grant Ms. Barney's motion for voluntary dismissal with prejudice under Fed. Civ. P. Rule 41(a)(2), will declare Defendants' motions for summary judgement moot and, will deny Defendants' request for sanctions and attorney's fees.

By way of background, Ms. Barney alleges her employer, Avis, breached the collective bargaining agreement it held with her Union with regard to her hourly rate of pay.  (ECF #1).  She also maintains the Union denied her fair representation in its processing of her grievance over the pay issue.  Ms. Barney initiated a grievance over the pay issue on 31 January 2005 which the Union decided not to arbitrate.  The Union informed Ms. Barney of its decision not to arbitrate the pay issue on 15 March 2005, yet the plaintiff did not file her Complaint in the Cuyahoga Court of Common Pleas until 7 March 2006.

In this "hybrid 301" suit, governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Defendants maintain Ms. Barney was required to file her claim within six months of the time she knew or should have known of the Union's alleged breach.  See 29 U.S.C. § 160(b); DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-72 (1983); McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232 (6th Cir. 1987).  (ECF # 8, 9)   Accordingly, the Defendants assert Ms. Barney's claim began to accrue on 15 March 2005 and expired prior to her 7 March 2006 filing. (ECF # 8, 9).

The record evidence indicates the Union and Avis discussed the merits of Ms. Barney's claim with her attorney by correspondence dated 30 March and 20 April 2006, respectively.  (ECF # 17).  The matter was removed to this Court on 12 April 2006.  In their correspondence, both Defendants demanded dismissal of the matter as untimely

filed. On 3 November 2006 the Union sent Ms. Barney's counsel correspondence again demanding withdrawal of the claim along with a draft motion seeking sanctions under Fed. R. Civ. P. 11. Avis followed suit on 9 November 2006 with a letter to Ms. Barney's counsel announcing its intention to seek Rule 11 sanctions should the matter not be dismissed within the twenty-one day "safe harbor" period. (ECF # 17, Exhibits A & B). The Union filed a motion for summary judgment on 10 November 2006 (ECF # 8) and Avis filed a motion for summary judgment on 13 November 2006. (ECF # 9). Ms. Barney's counsel filed a motion to dismiss the matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) on 22 November 2006, which both Avis and the Union opposed. (ECF # 11, 12). In response Ms. Barney filed a broad motion to dismiss the matter with prejudice pursuant to Rule 41(a) on 18 January 2007. (ECF # 15).

Given the posture of the case, the Court will construe Ms. Barney's motion for dismissal as pursuant to Rule 41(a)(2). Fed. Civ. P. Rule 41(a)(2) states "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. Civ. P. Rule 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994) (citing Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974)). The Plaintiff and Defendants concede the action should be dismissed with prejudice.[1] (ECF # 12 at 3, #15 at 2). Upon review of the record, this Court grants the plaintiff's motion for voluntary dismissal under Fed. Civ. P. Rule 41(a)(2) and dismisses the action with prejudice.

---

[1] Plaintiff's initial motion for voluntary dismissal under Federal Rule of Civil Procedure Rule 41(a) cannot stand because the motion was served after Defendants' answers and motions for summary judgment and was not filed with a stipulation signed by all parties. (EFC # 10, 11)

In light of the parties' agreement to voluntarily dismiss the case with prejudice, this Court declares the Defendants' motions for summary judgment moot.  (ECF # 12, 15).

Further, this Court denies the Defendants' joint motion for sanctions.  The Court "knows best how to regulate its forum. . . [and] has broad discretion in determining when a sanction is warranted and what sanction is appropriate." Nieves v. Fano, 153 Fed. Appx. 349, 352 (6th Cir. 2005).  The Defendants argue for sanctions in the form of attorney's fees under Rule 11, Rule 41(a)(2) and 28 U.S.C. § 1927.   (ECF # 16).

Rule 11(b) affords the Court the discretion to award sanctions when a party submits pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support.  Fed. Civ. P. Rule 11(b)(1-3).  By signing any pleading submitted to the court, counsel certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions" conform to the requirements of Rule 11.

The test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances.  Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir. 1990).  After a plaintiff files a complaint, plaintiff's counsel retains a continuing responsibility to ensure his or her pleadings conform with the Rule 11 standards.  Id. at 959.  However, even assuming a plaintiff violated Rule 11 through a failure to investigate his claim and to withdraw his complaint upon learning of its deficiency, the Court retains broad discretion to determine the nature of the sanction under Rule 11.  Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 420 (6th Cir. 1992)

(holding the court should determine appropriate sanctions under Rule 11 by examining the nature of the violation, the circumstances of the violation and the type of sanction that would suffice to deter that individual from similar violations in the future).

A party moving for Rule 11 sanctions must conform to the Rules' requirements. Rule 11 states the motion: (1) must be made separately from other motions or requests; (2) must describe the specific conduct alleged to violate Rule 11; and (3) a draft of the sanctions motion must be presented on the opposing party twenty-one days prior to filing the motion with the court. Fed. Civ. P. Rule 11(c)(1)(a).

The Defendants suggest their letters to Ms. Barney on 30 March and 20 April 2006 indicating possible Rule 11 sanctions, "albeit without draft motions for sanctions," provided sufficient notice to the Plaintiff. (ECF #16 at 7). However, the Court will not award Rule 11 sanctions when the moving party fails to serve a timely "safe harbor" letter on the opposing party. Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (holding that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court").

However, the Union's correspondence of 3 November 2006 met the Rule 11 requirements for notice, as did the 9 November 2006 letter from Avis to Ms. Barney. (ECF # 16, Exhibit Ford B; Exhibit Opperwall B). Both letters described the specific conduct alleged to violate Rule 11, and both contained a draft motion for Rule 11 sanctions. In response, Ms. Barney's attempt to voluntarily dismiss the case on 22 November 2006, while procedurally incorrect, demonstrated a clear intention to withdraw the case within the "safe harbor" period.

Furthermore, the Defendants' 1 February 2007 joint motion for sanctions did not conform to the clear dictates of Rule 11. (ECF # 16). On its face, Rule 11 requires a motion for sanctions to "be made separately from other motions or requests." Yet, in this matter the Defendants submitted their joint request for sanctions as part of their responsive briefing to their earlier separate motions for summary judgment. Accordingly, the Court will not award Rule 11 sanctions in this matter.

The Defendants also suggest Rule 41(a)(2) and 28 U.S.C. § 1927 justify an award of attorneys fees. Under Rule 41(a)(2), the Court may impose the terms and conditions for proper voluntary dismissal. The Defendants contend the Court should dismiss the action with an award of attorney's fees in order to sanction frivolous conduct, to make the Defendants "whole" and to deter such conduct in the future. (ECF #16 at 8). Yet, courts hold attorney's fees inappropriate when a lawsuit is dismissed with prejudice under Rule 41(a)(2). Colombrito v. Kelly, 764 F.2d 122, 133-135 (2d Cir. 1985) (holding attorney's fees inappropriate because the defendant "has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial"). Accordingly, the Court will not impose sanctions under Rule 41(a)(2).

Finally, the Defendants also rely upon 28 U.S.C. § 1927 to justify an award of attorney's fees. Section 1927 states, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Ruben v. Warren City Sch., 825 F.2d 977, 984 (6th Cir. 1987). The purpose is to deter dilatory litigation practices

- 6 -

and to punish aggressive tactics that far exceed zealous advocacy.  See Jones v. Continental Corp., 789 F.2d 1225, 1230-31 (6th Cir. 1986).  Thus an attorney is sanctionable when he or she intentionally abuses the judicial process or knowingly disregards the risk that an action will needlessly multiply proceedings.  See United States v. Wallace, 964 F.2d 1214, 1220 (D.C. Cir. 1992) (observing that recklessness is a lower standard than bad faith, requiring "deliberate action in the fact of a known risk, the likelihood or impact of which the actor unexcusably [sic] underestimates or ignores.").

While Ms. Barney's attorney failed to withdraw his complaint at the Defendants' earliest urging, the record indicates he did move to dismiss the case within the "safe harbor" period.  Moreover, the record does not contain evidence of bad faith and the Court does not find the plaintiff's attorney's conduct rises to the level of recklessness.  As such, this Court does not find a basis to award attorney's fees to the Defendants under Section 1927.

Accordingly, this Court grants Ms. Barney's motion for voluntary dismissal with prejudice pursuant to Rule 41(a)(2), declares the Defendants' motions for summary judgement moot and, denies the Defendants' request for sanctions and attorney's fees.

IT IS SO ORDERED.

             /s/Lesley Wells
             UNITED STATES DISTRICT JUDGE

Dated: 31 May 2007